lml/sel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID A. SMITH,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| ) | |
| **v.** ) | **CASE NO. 05-3109-JAR** |
| ) | |
| ) | |
| **DAVID R. MCKUNE, et al.,** ) | |
| ) | |
| **Respondents.** ) | |
| _____) | |

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2254

This matter is before the Court on a Petition for a Writ of Habeas Corpus (Doc. 1)

seeking federal habeas relief from a state conviction, pursuant to 28 U.S.C. § 2254.  After

considering the parties' submissions, the Court is prepared to rule.  For the reasons explained in

detail below, the Petition shall be denied because petitioner David A. Smith has failed to show

that there was insufficient evidence to sustain his kidnaping conviction or that he was denied

effective assistance of counsel in violation of the Constitution.

**I.      Factual Background**

Petitioner was charged in the District Court of Johnson County, Kansas with three counts

of aggravated robbery and three counts of kidnaping.  The evidence presented at trial established

that on July 23, 1998, petitioner entered a Kentucky Fried Chicken ("KFC") and demanded that

Curtis Hudnall, a KFC employee, give him money from the cash register.  Hudnall complied

with petitioner's demand and petitioner ran out of the KFC with the money.  The evidence

presented at trial further established that on the evening of August 10, 1998, petitioner and his

girlfriend, Trena Gibson, became involved in an altercation over Gibson's car keys after Gibson

declined to loan her car to petitioner.  Despite some inconsistencies in Gibson's statements and

testimony, it was established that petitioner obtained the car keys from Gibson while making

threats and wielding a hammer in a menacing manner.  In his effort to obtain the car, petitioner

also locked Gibson and her two children in the bathroom for some time before releasing them.

He then warned Gibson not to call police and left in her Toyota automobile.  Petitioner then

proceeded to Gibson's place of employment, Mr. Goodcents, and used her key to enter through

the employee entrance.  He threatened a Mr. Goodcents employee with a hammer and took

money from the cash register and drove away.  Police arrested petitioner the following day.  The

jury convicted petitioner of one count of kidnaping, two counts of criminal restraint and three

counts of aggravated robbery.  Petitioner is currently imprisoned, serving a sentence of 156

months.

## II.    Procedural Background

Petitioner appealed his convictions.  On appeal he raised the following points of error by

the trial court: (1) admission of evidence, specifically a gun found in Gibson's car; (2) denial of

petitioner's motion for a mistrial; (3) denial of petitioner's motion to suppress eyewitness

identification; and (4) jury instructions.  The Kansas Court of Appeals affirmed the district

court's decision.[1]  Petitioner filed a state habeas action, which was denied**.**  He appealed denial

of the state habeas action to the Kansas Court of Appeals raising the following issues: (1)

ineffective assistance of appellate counsel; and (2) insufficient evidence to support the

_____

[1]*State v. Smith,* No. 83,285 (Kan. Ct. App. March 30, 2001).

convictions of aggravated robbery and kidnapping.  The Kansas Court of Appeals affirmed the

denial of post-conviction relief [2] and the Kansas Supreme Court denied review on September 15,

2004.[3]  Petitioner then timely filed this petition for habeas relief.

## III.    Standard of Review

Because petitioner "filed his habeas petition after April 24, 1996, the provisions of the

Antiterrorism and Effective Death Penalty Act (AEDPA) govern this [proceeding]."[4]  The

AEDPA "'circumscribes a federal habeas court's review of a state-court decision.'"[5]  Under 28

U.S.C. § 2254(d), a federal court may not grant habeas relief on any claim adjudicated in state

court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding.[6]

A state court's decision is "contrary to" an established federal law if the state court

reaches a different result than the Supreme Court when presented with facts that are "materially

indistinguishable from a relevant Supreme Court precedent," or if the state court "applies a rule

---

[2]*Smith v. State*, 86 P.3d 1025 (Kan. App. April 2, 2004), *rev. denied* (Sept. 15, 2004).

[3]*Id.*

[4]*Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003) (citing *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997)), *cert. denied*, 540 U.S. 973 (2003).

[5]*Anderson v. Mullin*, 327 F.3d 1148, 1152 (10th Cir. 2003) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003)), *cert. denied*, 540 U.S. 916 (2003).

[6]28 U.S.C. § 2254(d).

that contradicts the governing law" set forth in Supreme Court cases.[7]  A decision is an unreasonable application of clearly established federal law if a "state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case."[8]  Unreasonable application of facts includes an unreasonable extension of a principle, or an unreasonable refusal to extend a principle to the facts at hand.[9]  The courts are to employ an objective standard in determining what is unreasonable.[10]

Although unreasonable determinations of fact are a second basis for a writ, a state court's determination of a factual issue shall be presumed to be correct.[11]  The petitioner has the burden of rebutting this presumption by clear and convincing evidence.[12]  "This presumption does not extend to legal determinations or to mixed questions of law and fact."[13]  "That is, the 'deferential standard of review does not apply if the state court employed the wrong legal standard in deciding the merits of the federal issue.'"[14]  "Ultimately, our review of the state court's proceedings is quite limited, as section 2254(d) sets forth a highly deferential standard for

---

[7]*Williams v. Taylor*, 529 U.S. 362, 405 (2000).

[8]*Id.* at 413.

[9]*Id.* at 407.

[10]*Id.* at 409.

[11]*Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003), *cert. denied*, 540 U.S. 973 (2003); *Fields v. Gibson,* 277 F.3d 1203, 1221 (10th Cir. 2002).

[12]*Martinez*, 330 F.3d at 1262; *Fields*, 277 F.3d at 1221.

[13]*Martinez*, 330 F.3d at 1262 (citing *Herrera v. Lemaster*, 225 F.3d 1176, 1178-79 (10th Cir. 2000)).

[14]*Id.* (quoting *Cargle v. Mullin,* 317 F.3d 1196, 1202 (10th Cir. 2000)).

4

evaluating state-court rulings."[15]

Additionally, because petitioner is a *pro se* plaintiff, the Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[16]

However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[17]

## IV.    Analysis

Petitioner raises two claims in his request for federal habeas review: (1) insufficient evidence to sustain a conviction for kidnaping and (2) ineffective assistance of appellate counsel. As set forth below, the Court finds that the state court's adjudication was not contrary to nor an unreasonable application of controlling Supreme Court authority, nor was its decision unreasonable in light of the facts.  Therefore, the Court denies petitioner's request for a writ of habeas corpus.

### A.    *Insufficient Evidence*

Petitioner claims that there was insufficient evidence to sustain a conviction of kidnaping.  The state court reviewed this claim and found that the evidence presented was sufficient to support petitioner's conviction of kidnaping.  Petitioner does not contend that the factual findings of the state court were erroneous, but rather, challenges the state court's ultimate conclusion that the facts support his conviction of kidnaping.  This is a question of law governed

---

[15]*Anderson v. Mullin*, 327 F.3d 1148, 1152 (10th Cir. 2003) (internal citations omitted).

[16]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[17]*Id.*

by 28 U.S.C. § 2254(d)(1).  Because the state court's decision was made in accordance with established federal law, this Court denies the writ for habeas relief on this ground.

In order to succeed on a claim of insufficient evidence, a petitioner must show that after reviewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[18]  Our inquiry is whether the state court's decision was contrary to, or involved an unreasonable application of the above standard.[19]  In considering the state court's application of the above standard, this Court must apply state law regarding the substantive elements of the offense.[20]

Kansas law defines kidnaping in relevant part as " . . . the taking or confining of any person, accomplished by force, threat or deception, with the intent to hold such person: (b) to facilitate flight or the commission of any crime."[21]  The state court applied the correct standard and found that the evidence showed that petitioner obtained the keys from Gibson when she was not confined.  Petitioner's confinement of Gibson was not incidental to or inherent in the crime of aggravated robbery, nor was it slight or inconsequential.  A rational trier of fact could have concluded beyond a reasonable doubt that petitioner confined Gibson in the bathroom while making threats to facilitate his taking of her car.

Petitioner relies upon *State v. Hayes* [22] to support his position.  In *Hayes*, four men broke into the victim's home and the victim was held against the wall by one of the burglars with a

---

[18]*Jackson v. Virginia*, 443 U.S. 307, 319 (1979) *reh'g denied,* 444 U.S. 890 (1979).

[19]*Torres v. Mullin*, 317 F.3d 1145, 1151 (10th Cir. 2003), *cert. denied,* 540 U.S. 1035 (2003).

[20]*Id.* at 1152.

[21]K.S.A. § 21-3420.

[22]883 P.2d 1093 (1994).

crowbar, while the other burglar removed property from the victim's home.[23]  The *Hayes* court

ruled that the victim's confinement was incidental and inherent in the nature of the crime of

aggravated robbery and had no independent significance.[24]  The facts in *Hayes* are

distinguishable from those in the present case.  In *Hayes*, the victim was confined while the

burglary was in progress and for the sole purpose of completing the burglary.  In contrast,

petitioner obtained the keys from Gibson when she was not confined.  Under these facts,

Gibson's confinement was not incidental to and inherent in petitioner's commission of

aggravated robbery; therefore, *Hayes* does not control in this case.

      Given the evidence presented, the state court correctly concluded that any reasonable

trier of fact could have found that petitioner confined Gibson to facilitate his taking of the car.

The state court correctly determined that, after viewing the evidence in the light most favorable

to the prosecution, a reasonable trier of fact could have found the essential elements of the crime

beyond a reasonable doubt.  The state court made a reasonable determination of the facts and

reasonably applied federal law; it correctly denied petitioner's claim that there was insufficient

evidence to support a conviction of kidnaping.  For these reasons, habeas relief is not warranted

on this ground.        **B.**      ***Ineffective Assistance***

      Petitioner also claims that he received ineffective assistance of appellate counsel.  He

raised this issue in his state habeas proceeding.  The state court reviewed this claim under *Baker*

*v. State*,[25] which analyzed the effective assistance of counsel claim under the standards of

---

[23]*Id.* at 1096.

[24]*Id.* at 108.

[25]755 P.2d 493 (Kan. 1988).

established federal law, as set forth in *Strickland v. Washington*.[26]  Applying *Strickland's* two prong inquiry, the state court concluded that this claim had no merit.  Because the state court's decision was based on a reasonable determination of the facts and made in accordance with established federal law, this Court denies the writ for habeas relief on these grounds.

Petitioner alleges that his appellate counsel was ineffective because he failed to raise a sufficiency of the evidence claim regarding the kidnaping conviction on direct appeal.  The state court rejected this claim, finding that the evidence presented was sufficient to support petitioner's convictions; and therefore, appellate counsel's performance was not substandard for failing to raise the issue.  The state court further pointed out that, "[t]he failure of counsel to raise an issue on appeal is not, per se, to be equated with ineffective assistance of counsel."[27]  Furthermore, a defendant does not have a constitutional right to compel counsel to raise issues on appeal, even nonfrivolous ones, if counsel, "as a matter of professional judgment, decides not to present those points."[28]

In order to succeed on a claim of ineffective assistance of counsel under *Strickland*, a petitioner must prove both that (1) counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.[29] In order to prove a constitutionally deficient performance, a petitioner must show that his

---

[26]466 U.S. 668 (1984).

[27]*Baker,* 755 P.2d at 495.

[28]*Jones v. Barnes*, 463 U.S. 745, 751 (1983).

[29]*Strickland,* 466 U.S. at 687-88.

8

counsel's performance fell below an objective standard of reasonableness under prevailing professional norms.[30]  If he can meet this standard, a petitioner must then establish prejudice by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[31]  The state court applied the two-pronged *Strickland* test and found no error in appellate counsel's performance.  Because the state court found that the evidence presented was sufficient to support petitioner's kidnaping conviction and because the selection of issues to be raised on appeal is a discretionary professional judgment of counsel, the court finds that petitioner cannot satisfy the two requirements of *Strickland*.  The state court reasonably applied federal law, and correctly denied petitioner's claim of ineffective assistance of counsel.  For these reasons, habeas relief is not warranted on this ground.

**IT IS THEREFORE ORDERED BY THE COURT** that the Petition for a Writ of Habeas Corpus (Doc.1) filed pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS SO ORDERED.**

Dated this _15th_____ day of December, 2006.

 S/ Julie A. Robinson_____

Julie A. Robinson
United States District Judge

---

[30]*Id.*

[31]*Id.* at 694.